# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1382

———————————————

Wes Colombe, Personal Representative of Charles Colombe, Individually and as an Officer of BBC Entertainment, Inc., a dissolved Minnesota corporation

*Plaintiff - Appellant*

v.

Rosebud Sioux Tribe; Rosebud Sioux Tribal Court; Judge Sherman Marshall, in his Official and Individual Capacities

*Defendants - Appellees*

———————————————

No. 13-1512

———————————————

Wes Colombe, Personal Representative of Charles Colombe, Individually and as an Officer of BBC Entertainment, Inc., a dissolved Minnesota corporation

*Plaintiff - Appellee*

v.

Rosebud Sioux Tribe; Rosebud Sioux Tribal Court; Judge Sherman Marshall, in his Official and Individual Capacities

*Defendants - Appellants*

————————

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: October 23, 2013
Filed: April 4, 2014
_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Charles Colombe[1] was a member of the Rosebud Sioux Tribe ("the Tribe"), and he was a shareholder, director, and officer of BBC Entertainment, Inc. ("BBC"), which managed a casino on tribal lands. After receiving an adverse ruling from the Rosebud tribal courts regarding a casino management contract, Colombe filed an action in federal court seeking to vacate the tribal court ruling and to enjoin the Tribe from continuing a second action in the Rosebud tribal courts. In the proceeding before the district court, the Tribe moved to dismiss the complaint for failure to exhaust tribal court remedies. The district court granted the motion to dismiss in part and denied the motion in part. The district court later entered summary judgment in favor of the Tribe and its officials on the remainder of the case. Colombe appeals the dismissal in part and the grant of summary judgment. The Tribe cross-appeals, arguing the district court should have dismissed the entire complaint for failure to exhaust tribal court remedies. We agree with the Tribe, and thus we reverse the district court's denial in part of the motion to dismiss. We affirm the district court in all other respects.

---

[1]On August 8, 2013, the Court granted, pursuant to Federal Rule of Civil Procedure 43, Wes Colombe's motion to substitute himself in his capacity as Personal Representative of the Estate of Charles Colombe. Charles Colombe died on June 9, 2013. All references in this opinion to "Colombe" pertain to Charles Colombe.

The Tribe owns and operates a casino on tribal trust land in South Dakota. In 1994, the Tribe entered into a five-year casino management contract with BBC. Article 6.4(c)(5) of the contract required BBC to fund an initial Operation Expense Reserve ("OER") account. BBC, however, never made the initial contribution to the OER account. Instead, BBC and the Tribe orally agreed that BBC would contribute 7.5% of the casino's net profits to the account each month. At the conclusion of the contract, BBC withdrew $415,857 from the OER account based on its belief that it was entitled to 35% of the remaining OER account balance, a division consistent with the contract's division of net profits. The Tribe brought a breach-of-contract suit in tribal court, arguing that the oral modification was not in compliance with the Indian Gaming Regulatory Act of 1988 ("IGRA") and IGRA's various implementing regulations.

IGRA created the statutory basis for the regulation and operation of gaming by Indian tribes. IGRA established the National Indian Gaming Commission ("NIGC") to oversee Indian gaming. Indian tribes may enter into casino management contracts only after the NIGC Chairman has approved those contracts. Any modifications of the contracts are also subject to the NIGC Chairman's approval. The NIGC Chairman approved the casino management contract entered into by the Tribe and BBC, but the oral modification regarding the funding of the OER account was never presented to the NICG Chairman.

The Tribe argued to the tribal court that, because the oral modification was not presented to the NIGC Chairman, the modification was void, and because BBC failed to fund the OER account as required by the contract, BBC was not entitled to any of the money in the OER account. The tribal court judge disagreed with the Tribe and found in favor of BBC. The Tribe appealed to the Rosebud Sioux Tribe Supreme Court ("Rosebud Supreme Court"). BBC did not file a cross-appeal or assign any

errors to tribal court's exercise of jurisdiction. BBC stated, however, in their appellate brief that the Tribe could have complained to the NIGC and sought relief from that agency. BBC asserted that 25 U.S.C. § 2713(3) "provides the procedure applicable to violations which replaces the jurisdiction of courts."

The Rosebud Supreme Court reversed the decision of the tribal court, holding that the oral agreement was void because it had not been approved by the NIGC Chairman. The Rosebud Supreme Court remanded the case to the tribal court to determine damages. The Tribe sought rehearing en banc of the Rosebud Supreme Court's decision to remand. The Tribe argued that remand was unnecessary because its measure of damages was the full amount BBC withdrew from the OER account. BBC argued the Rosebud Supreme Court had no jurisdiction to determine the legal validity of an oral modification because IGRA had given the NIGC exclusive jurisdiction to make such determinations. The Rosebud Supreme Court granted the rehearing en banc, but limited that rehearing to the "sole issue" of the appropriate remedy for BBC's breach of the management contract. The Rosebud Supreme Court did not address the issue of tribal jurisdiction in its order re-affirming its prior decision.

The tribal court conducted a hearing on damages, awarding final judgment against BBC in the amount of $399,353.61, plus interest accrued from August 15, 1999 in the amount of $127,793.15. BBC did not appeal the judgment to the Rosebud Supreme Court.

Due to insolvency, BBC did not pay the judgment. The Tribe then filed suit in tribal court seeking to pierce BBC's corporate veil and recover the judgment from BBC's owners—Wayne Boyd[2] and Charles Colombe. Colombe moved to dismiss the suit, claiming that the judgment was void because the tribal court had violated IGRA.

---

[2]Wayne Boyd was later dismissed from the suit.

He also argued that under an amendment to the Rosebud Sioux Tribe Constitution at the time judgment was entered against BBC, the tribal court had ceased to exist. The tribal court denied the motion to dismiss, and Colombe sought an interlocutory appeal to the Rosebud Supreme Court. The tribal court denied the request for an interlocutory appeal.

While the Tribe's suit seeking to pierce the corporate veil was proceeding, Colombe filed suit in federal court. Count 1 of the complaint sought de novo review of "any controversy litigated in the tribal court" and "an order from [the federal court] vacating the tribal court judgment . . . on the grounds that the tribal court had no jurisdiction to rule that there had been an illegal modification of the Management Agreement." Count 2 sought a permanent injunction against the Tribe, the tribal court, and the Tribal Court Judge Sherman Marshall from proceeding with the action to pierce the corporate veil.

The Tribe moved to dismiss the complaint, arguing, as relevant to this appeal, that Colombe and BBC had failed to exhaust tribal court remedies. The district court held that BBC had exhausted tribal court remedies as to the issue of the tribal court's jurisdiction to find an illegal modification of the management contract. The court held further, however, that BBC had not exhausted any other issues pertaining to the tribal court's order after remand from the Rosebud Supreme Court because BBC failed to appeal that order.

After the district court granted the motion to dismiss in part, Colombe filed motions for reconsideration of the partial grant of the motion to dismiss and for a trial on his request for a permanent injunction. In these motions, he argued for the first time in federal court that the Rosebud tribal courts had failed to comply with certain provisions in the Tribe's amended constitution, and thus the Rosebud Supreme Court lacked authority to hear an appeal from the tribal court. The district court noted that this issue had not been exhausted because it had not yet been considered by the

Rosebud Supreme Court. Accordingly, the district court denied the motions to reconsider and for trial on Colombe's request for a permanent injunction.

Colombe and the Tribe filed competing motions for summary judgment on the "sole remaining issue" following the district court's partial grant of the motion to dismiss: "Whether the Tribal Court had jurisdiction to hold that the oral modification to the NIGC-approved management contract was void." (Doc. 66 at 6.) The district court granted summary judgment to the Tribe, holding that the NIGC chairman's exclusive authority to determine a contract's compliance with IGRA does not encompass the authority to determine the legal validity of a contract.

Colombe appeals, raising three arguments. First, he argues that the district court erred in granting summary judgment to the Tribe because according to IGRA, the Rosebud tribal courts lacked jurisdiction to consider the validity of the oral modification to the management contract. Second, Colombe argues that BBC properly exhausted its tribal court remedies regarding whether the Rosebud Supreme Court was deprived of its constitutional power to act. Finally, Colombe argues that, to the extent the district court found that he had not exhausted tribal court remedies as to some of his claims, exhaustion was impossible because of BBC's financial insolvency and futile because the Rosebud Supreme Court made clear that it was not going to consider his argument that the Rosebud tribal courts lacked jurisdiction.

The Tribe cross-appeals, contending the district court should have dismissed the entire complaint because of failure to exhaust. Specifically, BBC failed to exhaust its claim that the tribal courts lacked jurisdiction under IGRA to consider the validity of the oral modification to the management contract.

## II.

As a threshold issue, we must consider, as presented in the Tribe's cross-appeal, whether the district court erred in denying the Tribe's motion to dismiss on exhaustion grounds. In their motion to dismiss, the Tribe argued, inter alia, that BBC had failed to exhaust available tribal court remedies to challenge tribal court jurisdiction to adjudicate the breach-of-contract claims. The Tribe acknowledged BBC made a statutory argument that IGRA did not provide for a private cause of action, however the Tribe contended BBC never made an explicit or implicit challenge to the tribal court's exercise of jurisdiction over the breach-of-contract claim.

The district court rejected the Tribe's argument for dismissal on this basis. It found that, "When the Tribe appealed [Tribal] Judge Jones's first decision to the Rosebud Supreme Court, BBC argued that IGRA did not create a private cause of action and, reading the brief generously to BBC, that jurisdiction to determine the legality of the Contract modification rests with the NIGC rather than [the Rosebud] tribal courts." (Doc. 33 at 16-17.) Thus, the district court held the Rosebud Supreme Court could have determined, based on BBC's contention in its reply brief, it did not have jurisdiction to decide whether the oral modification was void. Instead, the Rosebud Supreme Court decided the oral modification was void for failure to obtain the NIGC Chairman's approval and, according to the district court, "implicit[ly]" rejected BBC's jurisdictional argument.

"[A]s a matter of comity, the examination of tribal sovereignty and jurisdiction should be conducted in the first instance by the tribal court itself." Duncan Energy Co. v. Three Affiliated Tribes of Fort Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir. 1994). Thus, "a federal court should stay its hand in order to give tribal forums the initial opportunity to determine cases involving questions of tribal authority." Reservation Tel. Coop. v. Three Affiliated Tribes of Fort Berthold Reservation, 76 F.3d 181, 184 (8th Cir. 1996) (citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15-

16 (1987)). "Allowing tribal courts to make an initial evaluation of jurisdictional questions serves several important functions, such as assisting in the orderly administration of justice, providing federal courts with the benefit of tribal expertise, and clarifying the factual and legal issues that are under dispute and relevant for any jurisdictional evaluation." DISH Network Serv. L.L.C. v. Laducer, 725 F.3d 877, 882 (8th Cir. 2013) (citing Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856-57 (1985)). "Exhaustion includes both an initial decision by the tribal trial court and the completion of appellate review." Id. at 882-83 (citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 17 (1987) ("Until appellate review is complete, the . . . Tribal Courts have not had a full opportunity to evaluate the claim and federal courts should not intervene.")).

We disagree with the district court's "generous[]" reading of BBC's briefs to the Rosebud Supreme Court that BBC adequately raised the jurisdictional question to the Rosebud tribal courts. First, the BBC never raised the jurisdictional challenge in the tribal court in the initial suit brought by the Tribe. Second, after the tribal court ruled in favor of BBC, the Tribe appealed that decision to the Rosebud Supreme Court. BBC did not file an appeal or a cross-appeal challenging whether the tribal court had jurisdiction to consider the contract modification claim. Instead, in its appellee's brief to the Rosebud Supreme Court, BBC stated, "BBC has not filed a cross appeal, and assigns no error." Colombe maintains that BBC necessarily raised the Rosebud tribal courts' lack of jurisdiction through BBC's arguments related to the IGRA, such as its claim that IGRA does not create a private right of action. We reject this argument, however, because the question of the Rosebud tribal courts' jurisdiction was, at best, tangentially mentioned and certainly did not "fairly put [the Rosebud Supreme Court] on notice as to the substance of the [jurisdictional] issue." See Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000). Third, while BBC did present a more clear argument as to jurisdiction in its responsive Optional Brief on Rehearing to the Rosebud Supreme Court, the motion for rehearing was brought by the Tribe and was granted by the Rosebud Supreme Court to address the narrow issue of the proper

remedy for BBC's breach of the management contract. BBC failed to file its own motion for rehearing and rehearing en banc raising the jurisdictional question. Thus, we do not have the benefit of the Rosebud tribal courts' expertise and clarification in consideration of the jurisdictional questions. See DISH Network Serv., 725 F.3d at 882. Accordingly, we hold that BBC has failed to exhaust tribal remedies, and the federal complaint should have been dismissed on that basis.

The district court dismissed, on exhaustion grounds, Colombe's argument that the Rosebud tribal courts have failed to comply with the Rosebud Sioux Tribe Constitution. We affirm this dismissal. This argument was first raised by Colombe in response to the Tribe's action in tribal court to pierce the corporate veil. Colombe sought an interlocutory appeal which the tribal court, in its discretion, denied. Therefore, the Rosebud Supreme Court had not addressed this issue when Colombe raised it in federal court, meaning tribal court remedies had not been exhausted. Accordingly, the district court properly dismissed this claim.

Colombe argues that he should be excused from the exhaustion requirements on two grounds. First, he claims that due to his and BBC's insolvency, it was economically impossible to exhaust tribal remedies. Second, he argues that it became obvious that the Rosebud Supreme Court was not going to consider his jurisdictional claims, and therefore it would be futile to require exhaustion of those claims. Colombe has failed to point us to any cases that excuse the exhaustion requirement on the basis of financial insolvency, and we decline to adopt such an exception now. Further, while the Supreme Court has recognized that futility may justify an exception to the exhaustion requirement "because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction," see Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians, 471 U.S. 845, 856 n.21 (1985), Colombe and BBC had several opportunities—in the tribal court, on direct appeal to the Rosebud Supreme Court, or in a motion for rehearing and rehearing en banc—to challenge the Rosebud tribal courts' jurisdiction, and they failed to do so. "[S]peculative futility is not enough to

justify federal jurisdiction." <u>White v. Pueblo of San Juan</u>, 728 F.2d 1307, 1313 (10th Cir. 1984); <u>see</u> <u>Duncan Energy</u>, 27 F.3d at 1300-01 (rejecting argument of futility based on "mere[] alleg[ation] that tribal courts will be incompetent or biased"). Colombe may not be excused from his obligation to exhaust tribal court remedies on the basis of futility.

### III.

Accordingly, we reverse the district court's denial of the Tribe's motion to dismiss the complaint for failure to exhaust tribal court remedies pertaining to BBC's challenge of the tribal courts' jurisdiction. We remand this part of the claim to the district court with instructions to enter an order dismissing Colombe's complaint. We affirm the district court's orders in all other respects.

_____